```
1301825-Court-A-Unit                    IN RE
W. MACK RICE, ATTORNEY                  ERIC SEVERNAL BLOUNT
197 HWY 70 WEST                         569 PERRYTOWN RD
CHAPTER 13 BANKRUPTCY
HAVELOCK, NC 28532-0000                 NEW BERN, NC 28562
                                        SSN or Tax I.D.   XXX-XX-0782
```

Chapter 13
Case Number:   13-01825-8-RDD

                                        United States Bankruptcy Court
                                        1760 Parkwood Boulevard
                                        Courtroom Room 101
                                        Wilson, NC 27893

                    NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Richard M. Stearns, Chapter 13 Trustee  has  filed  papers  with  the  Court to Confirm the
Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney,
if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to
consider your views on the motion, then on or before 06/03/2013, you or your attorney must file with
the court, pursuant to Local Rule  9013-1  and  9014-1, a written response, an answer explaining your
position, and a request for hearing at:

                    U.S. Bankruptcy Court
                    Eastern District of North Carolina
                    1760-A Parkwood Blvd
                    Wilson, NC  27893

If you mail your response to the court for filing, you must mail it early enough so the court will receive
it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

```
Debtor(s):                    Attorney:                         Trustee:
ERIC SEVERNAL BLOUNT          W. MACK RICE, ATTORNEY            Richard M. Stearns
569 PERRYTOWN RD              197 HWY 70 WEST                   1015 Conference Dr.
NEW BERN, NC 28562            CHAPTER 13 BANKRUPTCY             Greenville, NC 27858
                              HAVELOCK, NC 28532-0000
```

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will
be conducted  on  the motion at a date, time  and  place to  be later  set and all parties will be notified
accordingly.

If you or your attorney do not take these steps, the court may  decide  that  you do not oppose the relief
sought in the motion or objection and may enter an order granting that relief.

Date:  May 02, 2013                     Richard M. Stearns
                                        Chapter 13 Trustee
                                        1015 Conference Dr.
                                        Greenville, NC 27858

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:                                                                            CASE NUMBER: 13-01825-8-RDD

ERIC SEVERNAL BLOUNT

CHAPTER 13

DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on April 22, 2013, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C. §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the Trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

    $625.00 PER MONTH FOR 57 MONTHS

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before July 22, 2013 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before September 18, 2013 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

    a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
| --- | --- | --- |

#802 BB&T            1ST MORTGAGE     TO BE PAID DIRECT

b. Continuing Long Term Debts to be paid by the Trustee:

**IF A PROOF OF CLAIM IS TIMELY FILED** the claim is to be paid on a monthly basis according to the terms of the contract effective the first month after confirmation. Arrearages, if any, to be paid over the life of the plan. Two post-petition contractual payments shall be included in the arrearage claim. **The Debtor is to resume direct payments upon completion of plan payments. (SEE PARAGRAPH 8 BELOW)**
.

| Creditor | Collateral |
|---|---|
| NONE | |

c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| #7 HSBC | 2005 YAMAHA 1000 | $3,995.00 SECURED (REMAINING BALANCE UNSECURED) | TO BE PAID OVER THE TERM OF THE PLAN @ 5 ¼% INTEREST; **IF PROOF OF CLAIM IS TIMELY FILED** |
| #8 WEYCO CREDIT UNION | 2007 CHEVY K1500 | $13,292.64 SECURED (REMAINING BALANCE UNSECURED) | TO BE PAID OVER THE TERM OF THE PLAN @ 5 ¼% INTEREST; **IF PROOF OF CLAIM IS TIMELY FILED** |

e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

Pursuant to Local Rule 3070-1(b) some secured creditors may be entitled to pre-confirmation adequate protection payments.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with Local Rule 3070-2.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

   NONE

   Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7, 8 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

   | Creditor | Property Leased or Contracted For | Treatment |
   |---|---|---|
   | NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $3,000.00. The Trustee recommends to the Court a fee of $3,000.00. If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

16. Other Provisions:   NONE

RICHARD M. STEARNS
_____
Standing Chapter 13 Trustee

# EXHIBIT 'A'

**DEBTORS:** ERIC BLOUNT  **CASE NUMBER:** 13-01825-8-RDD

**EMPLOYMENT:**
Debtor: WEYERHAUSER NR COMPANY   **GROSS INCOME:** $5,144.16
Spouse:

**Prior Bankruptcy cases:** Yes ☐  No ☒  If so, Chapter ___ filed ___
Disposition:

**Real Property:** House and Lot ☒  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐
Description: RESIDENCE @ 569 PERRYTOWN RD.

| | | | |
|---|---|---|---|
| FMV | $148,572.00 | Date Purchased | |
| Liens | $139,478.33 | Purchase Price | |
| Exemptions | $9,093.67 | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | | Tax Value | $165,080.00 |

Description: N/A

| | | | |
|---|---|---|---|
| FMV | | Date Purchased | |
| Liens | | Purchase Price | |
| Exemption | | Improvements | |
| Equity | $ 0.00 | Insured For | |
| Rent | | Tax Value | |

**COMMENTS:** THE ABOVE FMV CONSIDERS 10% REDUCTION FOR HYPOTHETICAL LIQUIDATION EXPENSES. GROSS HUSBAND EQUITY IS $292.50 IN PERSONAL PROPERTY.

**Attorney Fees:**
Requested: $3,000.00 (excluding filing fee)
Paid: $400.00 (excluding filing fee)
Balance: $2,600.00

**Trustee's Recommendation:** $3,000.00
Comments:

**Plan Information:**

| Plan Information: | | After 341 | | Payout % After 341 | |
|---|---|---|---|---|---|
| Total Debts | $85,709.92 | Pay in | $35,625.00 | Priority | 0.00% |
| Priority | $0.00 | Less 8.00% | $2,850.00 | Secured | 100.00% |
| Secured | $19,570.38 | Subtotal | $32,775.00 | Unsecured | 0.00% |
| Unsecured | $66,139.54 | Req. Atty. Fee | $2,600.00 | Joint | 0.00% |
| Joint Debts | $0.00 | Available | $30,175.00 | Co-Debts | 0.00% |
| Co-Debtor | $0.00 | | | | |

**Annual Review:** Yes ☒  No ☐
**Payroll Deduction:** Yes ☐  No ☒
Objection to Confirmation: Yes ☐  No ☒

Pending:
Resolved:

Motions Filed:    Yes ☐    No ☒

    If so, indicate type and status:

Hearing Date:

| | | | |
|---|---|---|---|
| CASE: 1301825 | TRUSTEE: 54 | COURT: 278 | |
| TASK: 05-01-2013.00663352.LSA000 | | DATED: 05/02/2013 | |
| Court | | Served Electronically | |
| Trustee | | Richard M. Stearns | 1015 Conference Dr.<br>Greenville, NC 27858 |
| Debtor | | ERIC SEVERNAL BLOUNT | 569 PERRYTOWN RD<br>NEW BERN, NC 28562 |
| 799 | 000002 | W. MACK RICE, ATTORNEY<br>CHAPTER 13 BANKRUPTCY | 197 HWY 70 WEST<br>HAVELOCK, NC 28532-0000 |
| 009 | 000009 | AMERICAN EDUCATIONAL SERVICES<br>CHAPTER 13 BANKRUPTCY | PO BOX 2461<br>HARRISBURG, PA 17105-2461 |
| IRS | 000004 | INTERNAL REVENUE SERVICE<br>INSOLVENCY SUPPORT SERVICES | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| NCREV | 000005 | NC DEPT OF REVENUE<br>CHAPTER 13 BANKRUPTCY | PO BOX 1168<br>RALEIGH, NC 27602-1168 |
| ESC | 000003 | EMPLOYMENT SECURITY COMMISSION<br>CHAPTER 13 BANKRUPTCY | PO BOX 26504<br>RALEIGH, NC 27611 |
| 802 | 000006 | BB&T<br>BANKRUPTCY SECTION / 100-70-01-51 | PO BOX 1847<br>WILSON, NC 27894 |
| 010 | 000010 | BB&T<br>BANKRUPTCY SECTION / 100-70-01-51 | PO BOX 1847<br>WILSON, NC 27894 |
| 021 | 000021 | BRANCH BANKING & TRUST COMPANY<br>ATT: JACK R. HAYES | PO BOX 1847<br>WILSON, NC 27894-1847 |
| 022 | 000022<br>*CM | WEYCO COMMUNITY CU<br>PO DRAWER 69 | STEVEN HARDISON, CEO<br>PLYMOUTH, NC 27962-0069 |
| 008 | 000008 | WEYCO CREDIT UNION<br>BANKRUPTCY DEPARTMENT | PO DRAWER 69<br>PLYMOUTH, NC 27962-0069 |
| 018 | 000018 | JAMIE RASBERRY<br>197 HWY. 70 WEST | C/O W. MACK RICE<br>HAVELOCK, NC 28532 |
| 019 | 000019 | LAUREN N TAYLOR | 569 PERRYTOWN RD<br>NEW BERN, NC 28562 |
| 014 | 000014 | GEMB / BELK<br>CHAPTER 13 BANKRUPTCY | PO BOX 103104<br>ROSWELL, GA 30076 |
| 015 | 000015 | GEMB/JC PENNEY<br>CHAPTER 13 BANKRUPTCY | PO BOX 103104<br>ROSWELL, GA 30076 |
| 011 | 000011 | BILL ME LATER | PO BOX 105658<br>ATLANTA, GA 30348 |
| 012 | 000012 | DISCOVER BANK<br>DB SERVICING CORPORATION | POB 3025<br>NEW ALBANY, OH 43054-3025 |
| 017 | 000017 | UNION PLUS CREDIT CARD<br>CHAPTER 13 BANKRUPTCY | PO BOX 4155<br>CAROL STREAM, IL 60197-4155 |
| 013 | 000013 | ELAN | POB 790408<br>ST LOUIS, MO 63179-0408 |
| 016 | 000016 | TARGET NATIONAL BANK | PO BOX 660170<br>DALLAS, TX 75266 |
| 020 | 000020 | CAPITAL ONE, N.A.<br>3936 E. FT. LOWELL RD, STE 200 | C/O BASS & ASSOCIATES PC<br>TUCSON, AZ 85712 |

CASE: 1301825    TRUSTEE: 54        COURT: 278                          Page 2 of 2
TASK: 05-01-2013.00663352.LSA000    DATED: 05/02/2013

007    000007    CAPITAL ONE, N.A.                C/O BASS & ASSOCIATES PC
                 3936 E. FT. LOWELL RD, STE 200   TUCSON, AZ 85712

24 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 05/02/2013.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   05/02/2013   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail